PROB 12B
(REVISED 5/2011)

# United States District Court
for
## Middle District of Tennessee

### Petition to Modify the Conditions or Term of Supervision
*(Probation 49 Waiver of Hearing on the Modifications attached)*

Name of Offender: <u>Rusha M. Spencer</u>      Case Number: <u>3:09-00214</u>

Name of Sentencing Judicial Officer: <u>Honorable William J. Haynes, Jr., Senior U.S. District Judge</u>

Date of Original Sentence: <u>June 14, 2010</u>

Original Offense: <u>18 U.S.C. § 922(g)(1) Felon in Possession of a Firearm</u>

Original Sentence: <u>72 months' custody and three years' supervised release</u>

Type of Supervision: <u>Supervised release</u>      Date Supervision Commenced: <u>July 31, 2015</u>

Assistant U.S. Attorney: <u>Clay Lee</u>      Defense Attorney: <u>Ronald Small</u>

## PETITIONING THE COURT

■ To modify the release conditions as follows:

**The defendant shall participate in a program of substance abuse treatment which may include a 30-day inpatient substance abuse treatment program followed by up to 90 days in a community corrections center at the direction of the probation officer. The Defendant shall pay all or part of the cost for substance abuse treatment if the Probation Officer determines the Defendant has the financial ability to do so or has appropriate insurance coverage to pay for such treatment.**

THE COURT ORDERS:
☐ No Action
☐ The extension of supervision as noted above.
☒ The modification(s) as noted above.
☐ Other

I declare under penalty of perjury that the foregoing is true and correct.
Respectfully submitted,

Considered this <u>22</u> day of <u>June</u>, 2016, and made a part of the records in the above case.

Wendi Potter
U.S. Probation Officer

<u>William J. Haynes, Jr.</u>
~~Senior~~ U.S. District Judge CAMPBELL

Place      Nashville, Tennessee

Date      June 21, 2016

## ALLEGED VIOLATIONS

The probation officer believes that the offender has violated the following condition of supervision:

| Violation No. | Nature of Noncompliance |
|---|---|

**1.** **The defendant shall refrain from any unlawful use of a controlled substance.**
Mr. Spencer tested positive for cocaine on June 10, and June 17, 2016.

When questioned on June 10, 2016, he admitted to using cocaine regularly since Mother's Day, May 8, 2016. On June 17, 2016, he admitted to using cocaine June 12, 2016.

**2.** **The defendant shall not commit another federal, state, or local crime.**
On June 8, 2016, the probation officer was contacted by Metro Nashville Police Detective Daniel Brown. The detective notified that Mr. Spencer was issued a misdemeanor criminal citation for Trespassing for frequenting Tennessee Village Apartments. Mr. Spencer notified the probation office on June 10, 2016, that his booking date is set for July 5, 2016.

**3.** **The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.**
On June 8, 2016, the probation officer was contacted by Metro Nashville Police Detective Daniel Brown. The detective reported that Mr. Spencer was associating with Joseph Ware, who was described by the detective as "a known drug dealer," while trespassing at Tennessee Village Apartments. According to the Davidson County's Clerk of Court database, Mr. Ware was convicted of a drug related felony on April 14, 2014. When questioned, Mr. Spencer admits to knowing Mr. Ware, but denies associating with him on June 8, 2016.

**Compliance with Supervision Conditions and Prior Interventions:**
Rusha Spencer is unemployed and lives with his paramour, in Nashville, Tennessee. Mr. Spencer began his three-year term of supervised release on July 31, 2015, and is due to terminate supervision on July 30, 2018. As a special condition of supervised release, it was ordered that, "The defendant shall follow whatever substance abuse treatment previously recommended by the Bureau of Prisons." The Bureau of Prisons made no recommendation for substance abuse treatment upon Mr. Spencer's release from custody.

Upon notification that Mr. Spencer received a criminal citation for Trespassing and associating with Mr. Ware on June 8, 2016, the probation officer instructed him to report for a drug test. Mr. Spencer claimed that he couldn't report as instructed on June 9, 2016, due to transportation issues, but promised to report the following day.

Mr. Spencer did report as promised and tested positive for cocaine on June 10, 2016. He was instructed at that time to contact the probation officer the following day. Mr. Spencer did not contact the probation officer until June 14, 2016. He disclosed at that time that he needs help because he "doesn't want to lose everything."

Following his admission to using cocaine on June 17, 2016, the probation officer counseled him regarding the legality of his actions. Mr. Spencer was also warned of the negative impact it could have on his health. Mr. Spencer's drug testing frequency has been increased and he is amenable to participating in a substance abuse assessment, which may lead to a recommendation for treatment. According to the presentence report, Mr. Spencer has a drug use history involving alcohol, marijuana, and cocaine, particularly "crack" cocaine. He has previously participated in substance abuse treatment at New Avenues in 2004. He was discharged

from New Avenues after one week because he posed a threat of harm to another participant in the program. Given that Mr. Spencer does not have a drug treatment special condition, currently, the probation officer provided three different community treatment providers for him to utilize in the interim of having the condition added to the terms of supervised release.

**U.S. Probation Officer Recommendation:**

It is respectfully recommended that Mr. Spencer's special conditions of supervision be modified as indicated in this petition. Assistant U.S. Attorney Clay Lee has been advised of the offender's noncompliance and the probation officer's recommendation for modification of the release conditions.

Approved: _____
Britton Shelton
Supervisory U.S. Probation Officer

PROB 49
(3/89)

# United States District Court

Middle Dist. Of Tennessee

## Waiver of Hearing to Modify Conditions
## of Probation/Supervised Release or Extend Term of Supervision

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release or to the proposed extension of my term of supervision:

The Defendant shall participate in a program of substance abuse treatment which may include a 30-day inpatient treatment program followed by up to 90 days in a community correction center at the direction of the Probation Officer. The Defendant shall pay all or part of the cost for substance abuse treatment if the Probation Officer determines the Defendant has the financial ability to do so or has appropriate insurance coverage to pay for such treatment.

Witness _____   Signed _____
         *U.S. Probation Officer*                *Probationer or Supervised Releasee*

6/17/16
*Date*