PROB 12A
(Revised 05/2011)

# United States District Court
for
## Middle District of Tennessee

## Report on Offender Under Supervision

Name of Offender: <u>Rusha M. Spencer</u>    Case Number: <u>3:09-00214</u>

Name of Current Judicial Officer: <u>Honorable Todd Campbell, U.S. District Judge</u>

Name of Sentencing Judicial Officer: <u>Honorable William J. Haynes, Jr., Senior U.S. District Judge</u>

Date of Original Sentence: <u>June 14, 2010</u>

Original Offense: <u>18 U.S.C. § 922(g)(1) Felon in Possession of a Firearm</u>

Original Sentence: <u>72 months' custody and three years' supervised release</u>

Type of Supervision: <u>Supervised release</u>    Date Supervision Commenced: <u>July 31, 2015</u>

Assistant U.S. Attorney: <u>Clay Lee</u>    Defense Attorney: <u>Ronald Small</u>

---

The Court orders:

☒ No Action Necessary at this Time
☐ Submit a Request for Modifying the Condition or Term of Supervision
☐ Submit a Request for Warrant or Summons
☐ Other

Considered this __11__ day of __July__, 2016,
and made a part of the records in the above case.

_____
Todd J. Campbell
U.S. District Judge

I declare under penalty of perjury that the foregoing is true and correct. Respectfully submitted,

_Wendi Potter_
Wendi Potter
U.S. Probation Officer

Place    Nashville, Tennessee

Date    July 9, 2016

## ALLEGED VIOLATIONS

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
| --- | --- |
| **1.** | **The defendant shall not commit another federal, state, or local crime.** |

On June 8, 2016, the probation officer was contacted by Metro Nashville Police Detective Daniel Brown. The detective reported that Mr. Spencer was issued a misdemeanor criminal citation for Trespassing for frequenting Tennessee Village Apartments. Mr. Spencer notified the probation office on June 10, 2016, that his booking date is set for July 5, 2016. According to the General Sessions Clerk of Court database, the charge was retired by Judge Turner on July 6, 2016.

**2.**     **The defendant shall submit to drug testing at the request of the probation officer.**

Since July 31, 2016, Mr. Spencer has participated in a random drug testing program. However, on June 28, and July 6, 2016, Mr. Spencer failed to report for random drug tests. Attempts were made by the probation officer to contact Mr. Spencer, to no avail.

**Compliance with Supervision Conditions and Prior Interventions:**
Rusha Spencer is unemployed and lives with his paramour, in Nashville, Tennessee. Mr. Spencer began his three-year term of supervised release on July 31, 2015, and is due to terminate supervision on July 30, 2018. As a special condition of supervised release, it was ordered that, "The defendant shall follow whatever substance abuse treatment previously recommended by the Bureau of Prisons." The Bureau of Prisons made no recommendation for substance abuse treatment upon Mr. Spencer's release from custody.

Upon notification that Mr. Spencer received a criminal citation for Trespassing and associating with a "known drug dealer" on June 8, 2016, the probation officer instructed him to report for a drug test. Mr. Spencer claimed that he couldn't report as instructed on June 9, 2016, due to transportation issues, but promised to report the following day.

Mr. Spencer did report as promised and tested positive for cocaine on June 10, 2016. He was instructed at that time to contact the probation officer the following day. Mr. Spencer did not contact the probation officer until June 14, 2016. He disclosed at that time that he needs help because he "doesn't want to lose everything."

Following his admission to using cocaine on June 17, 2016, the probation officer counseled him regarding the legality of his actions. Mr. Spencer was also warned of the negative impact it could have on his health. Mr. Spencer's drug testing frequency was increased and he was amenable to participating in a substance abuse assessment, which may lead to a recommendation for treatment. According to the presentence report, Mr. Spencer has a drug use history involving alcohol, marijuana, and cocaine, particularly "crack" cocaine. He has previously participated in substance abuse treatment at New Avenues in 2004. He was discharged from New Avenues after one week because he posed a threat of harm to another participant in the program. Given that Mr. Spencer does not have a drug treatment special condition, currently, the probation officer provided three different community treatment providers for him to utilize in the interim of having the condition added to the terms of supervised release.

On June 21, 2016, a petition to modify the conditions of supervised release was submitted to the Court. On June 22, 2016, the Court ordered the modification to include participation in a program of substance abuse treatment.

On June 27, 2016, Mr. Spencer left the probation officer a voice mail indicating that he was at the Elam Center for an inpatient substance abuse intake assessment. He promised to provide the probation office with the outcome of the intake appointment. On June 28, 2016, Mr. Spencer was to report to the probation office for random drug testing and could have provided the information.

The probation officer attempted to reach him, via phone, regarding the missed random drug test and to obtain Elam's intake assessment recommendations, to no avail. On June 29, 2016, the probation officer attempted to contact Mr. Spencer once more via phone, to no avail. The probation officer even called the last number Mr. Spencer called from, which was not his reported phone number. Mr. Walter Brown answered the call and reported that he was with Mr. Spencer at the intake assessment on June 27, 2016. Mr. Brown claimed that the treatment recommendations included a less than intensive outpatient treatment which will not commence for four to six weeks. Mr. Brown also reported that he hasn't heard from Mr. Spencer since the assessment.

On July 1, 2016, the probation officer attempted for the third time to contact Mr. Spencer via phone, to no avail. The probation officer sent Mr. Spencer an e-mail requesting a return call. Mr. Spencer hasn't made contact with the probation office since June 17, 2016, and has not been available to sign a treatment contract so that a referral for outpatient treatment can be completed.

**U.S. Probation Officer Recommendation:**
The probation officer is recommending that no additional action be taken by the Court at this time. The Assistant U.S. Attorney Clay Lee has been advised of the offender's noncompliance and is in agreement with this recommendation.

Approved: _____
Britton Shelton
Supervisory U.S. Probation Officer